Gary J. Gorham (SBN: 171061)
ggorham@raskinlawllp.com
**RASKIN GORHAM ANDERSON LAW**
11333 Iowa Avenue
Los Angeles, California 90025
Telephone:  (310) 202-5544
Facsimile:  (310) 202-5540

Attorneys for Plaintiff
PAUL N. WEINBERG

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL N. WEINBERG, an individual, | Case No.: 2:16-CV-9179 |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| vs. | |
| DIRTY WORLD, LLC, a Delaware limited liability company; and DOES 1 – 10, inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff Paul N. Weinberg ("Weinberg") complains and alleges as follows:

### THE PARTIES

1.      Weinberg is, and at all relevant times was, an individual residing in Los Angeles, California.

2.      Weinberg is informed and believes, and based thereon alleges that Defendant Dirty World, LLC ("Dirty World") is a Delaware limited liability company, doing business under the fictitious name "TheDirty.com".  All references in this complaint to Dirty World include Dirty World, LLC and its dba The Dirty.com.  Weinberg is further informed and believes, and based thereon alleges that Dirty World's principal place of business is in Scottsdale, Arizona.

3.      Weinberg is informed and believes, and based thereon alleges that Dirty World owns and operates a for-profit website (TheDirty.com) on the Internet, and that Dirty World generates traffic to TheDirty.com, and hence profits to Dirty World, by posting infringing images and then adding, and encouraging others to add, loathsome insults.  Weinberg also is informed and believes, and based thereon alleges that Dirty World directs its activities to residents of State of California (including residents located in the Central District of California) by, among other things, posting images and videos and including depictions of residents of the State of California, by interacting with residents of the State of California, by accepting posts and other content from residents of the State of California (including activities which have occurred in the State of California) and by selling advertising and sponsorships to businesses operating in the State of California.

4.      When described most charitably, TheDirty.com is a website dedicated to sophomoric insults and locker room ramblings about women's anatomy.  When it is described more accurately, The Dirty.com is a website dedicated to "slut shaming" women, and bullying, mocking and dehumanizing people in the most debased, cruel and demeaning ways possible.

5.      The founder of TheDirty.com is Hooman Karamian ("Karamian") (who uses the pen name "Nik Richie"), who instigates or joins into a chorus of insults after a photograph or video is posted on the site (either by The Dirty.com or by a third party).  For example, according to published reports, Dirty World's predecessor company was sued and found liable by a jury for images of and insults directed toward a high school teacher and part-time professional cheerleader, who was accused of sleeping with every player on the Cincinnati Bengals and carrying two sexually transmitted diseases.

6.      Weinberg also is informed and believes, and based thereon alleges that Dirty World fails and refuses to remove content from TheDirty.com which Dirty World does not have the legal right to use or post, and that when it receives take down notices or other requests to remove such content it fails to do so, imposes improper conditions to its removal and/or attempts to bully the aggrieved party into giving up.  For example,

1   according to published reports, when the high school teacher referenced above sent a take
2   down notice to TheDirty.com, Karamian rejected the request because, in his view the
3   request "wasn't the right way to ask. sue me".   That is consistent with Dirty World's
4   practices.  The Wikipedia page for "Nik Richie" states that "Richie seldom honors requests
5   to remove content from thedirty.com, even though the site offers a removal request page."

6       7.    Here, when Dirty World rejected the first take down notice from Weinberg,
7   it tried to manipulate Weinberg by referencing the "Streisand Effect", *i.e.*, arguing that if
8   Weinberg persisted in asserting his legal rights he would make matters worse by attracting
9   more attention to the matter.

10      8.    The true names and capacities, whether individual, corporate, associate, or
11   otherwise, of defendants sued herein as Does 1 through 10, are unknown to Weinberg, who
12   therefore sues said defendants by such fictitious names (the "Doe Defendants").  Weinberg
13   will seek leave of court to amend this complaint to state their true names and capacities
14   when they have been ascertained.  Weinberg is informed and believes, and based thereon
15   alleges that the Doe Defendants are liable to Weinberg as a result of their participation in
16   all or some of the acts hereinafter set forth and attributed to Dirty World.

17                **JURISDICTION AND VENUE**

18      9.    This is a civil action seeking damages and injunctive relief for copyright
19   infringement under the Copyright Act of the United States, 17 U.S.C. § 101, et seq.

20      10.    This Court has subject matter jurisdiction over this copyright infringement
21   action pursuant to 28 U.S.C. § 1331, 1332 and 1338(a), because Weinberg's claim raises a
22   federal claim under the Copyright Act (17 U.S.C. §§ 101 et seq.) and, in addition,
23   complete diversity of citizenship concerning a matter in controversy that exceeds the sum
24   or value of $75,000 also exists in this case.

25      11.    This Court has personal jurisdiction over Dirty World because, among other
26   things, Dirty World does business, and the effects of its infringing activity were incurred,
27   within the State of California and within this judicial district.

28      12.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c).

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**GENERAL ALLEGATIONS**

13.     On various dates, Weinberg and Weinberg's wife posted three images to their Facebook pages.  The first image ("Photo 1") was a cropped version of a portrait photo of Weinberg's wife that she took on her cell phone in Los Angeles and posted to her Facebook page.  The second image ("Photo 2") was a photo of Weinberg, his wife and another couple, taken by Weinberg on his camera and posted to an album on his Facebook page.  The third image (the "Video Image") was a still image from a video, depicting Weinberg and Weinberg's wife, which she captured and posted as her Facebook cover photo.  Photo 1, Photo 2 and the Video Image sometimes are referred to herein collectively as the "Misappropriated Works".

14.     Either Dirty World or one of the Doe Defendants misappropriated the Misappropriated Works and posted them on the website TheDirty.com.  As of the date of this Complaint, Weinberg does not know who first posted the Misappropriated Works on TheDirty.com.  Consistent with the apparent mission of TheDirty.com, Mr. Karamian and others proceeded to ridicule the people depicted in the Misappropriated Works, including Weinberg and his wife.

15.     After they learned that the Misappropriated Works were posted on TheDirty.com, Weinberg and his wife, through counsel, sent TheDirty.com take down notices pursuant to the Digital Millennium Copyright Act (the "DMCA").  Instead of taking down the Misappropriated Works, as required pursuant to the DMCA, Dirty World stated that it would not do so unless Weinberg and his wife first proved their case to Dirty World.  Although Weinberg refused to engage in an evidentiary process invented by Dirty World, he did provide some backup information requested and reiterated his take down notice, citing the applicable law.  However, Dirty World refused to take down the Misappropriated Works for a significant period of time.  Ultimately, Dirty World removed Photo 1 and Photo 2 from TheDirty.com.  Dirty World has not removed the Video Image.

16.     The Video Image was created and is owned by a company in Belgium, and Weinberg is informed and believes, and based thereon alleges that the Video Image was

4

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

1 first published in Belgium.  Weinberg was granted, and has maintained at all relevant

2 times, a license to use the Video Image in the United States (the "License").  In July 2016

3 Weinberg obtained a written, exclusive license (the "Exclusive License") to use and

4 exhibit certain material, including the Video Image, within the United States.  The

5 Exclusive License grants Weinberg the exclusive right to enforce and prosecute any claims

6 concerning infringement of the Video Image within the United States.

7       17.    Weinberg is entitled to assert his claims for copyright infringement pursuant

8 to the United States Copyright Act pursuant to 17 U.S.C. § 104 because Belgium was a

9 "treaty nation" on the date the Video Image was first published.  Since the Video was first

10 published in Belgium, registration of the Video Image is not a condition to the prosecution

11 of this action, however, on August 25, 2016, Weinberg filed his Exclusive License in the

12 United States Copyright Office for recordation.

13       18.    On September 9, 2016, Weinberg's counsel sent another take down notice to

14 Dirty World concerning the Video Image.

15       19.    On or about September 15, 2016, Dirty World responded through its long-

16 time counsel David Gingras, who refused to remove the Video Image.  Gingras confirmed

17 that he specifically discussed Weinberg's take down demands with his client, accused

18 Weinberg's counsel of "harassing us" with correspondence consisting of take-down

19 notices, and indicating that "TheDirty . . . will NOT agree" to remove the Video Image.

20 Counsel indicated "[t]his position is final and is not subject to change."  Counsel provided

21 no rationale for Dirty World's position.

22       20.    As of the date of the filing of this Complaint, the Video Image has not been

23 removed from TheDirty.com.  Exhibit A hereto contains a screen capture and printout

24 from TheDirty.com showing its infringing display of the Video Image on the date this

25 Complaint was filed.

26       21.    Dirty World reproduced and publicly displayed the Video Image on the

27 website TheDirty.com, without Weinberg's authorization (or authorization of any party

28 who owns any rights in the Video Image).  Weinberg is informed and believes, and based

1  thereon alleges that Dirty World receives a financial benefit directly attributable to its

2  infringing activity and that Dirty World has the right and ability to control the content on

3  TheDirty.com, as evidenced by its eventual removal of Photo 1 and Photo 2 at Weinberg's

4  demand.

5      22.    Dirty World does not have any license, authorization, permission or consent

6  to use the Video Image.

**FIRST CLAIM FOR RELIEF**

**COPYRIGHT INFRINGEMENT**

**(17 U.S.C. §§ 106 and 501)**

(By Weinberg Against Dirty World)

11      23.    Weinberg re-alleges, and incorporates herein by reference as though set forth

12  in fully, the allegations contained in paragraphs 1 through 22 of this Complaint.

13      24.    Dirty World infringed Weinberg's Exclusive License in the Video Image.

14  The infringement includes, but is not limited to, reproducing the Video Image and

15  publishing and publicly displaying the Video Image on TheDirty.com. Exhibit A hereto

16  contains a screen capture and printout from TheDirty.com showing its infringing display of

17  the Video Image on the date this Complaint was filed.

18      25.    Weinberg is informed and believes, and based thereon alleges that Dirty

19  World acted in an intentional or reckless manner, and/or with willful blindness to

20  Weinberg's rights, and that Dirty World's infringement therefore was and is willful.

**PRAYER FOR RELIEF**

22  WHEREFORE, Weinberg prays for judgment against Dirty World as follows:

23      1.    For damages according to proof, and disgorgement of all profits attributable

24  to Dirty World's infringing activity;

25      2.    Alternatively, for statutory damages;

26      3.    For a temporary restraining order, preliminary injunction and permanent

27  injunction requiring Dirty World to remove the Video Image from TheDirty.com and any

28  other place it has been or is being publicly displayed, and to prohibit Dirty World from any

6

1 use or public display of the Video Image;

2     4.    For impoundment of all copies of the Video Image, and/or destruction of all

3 copies of the Video Image and any derivative materials in Dirty World's possession,

4 custody or control;

5     5.    For costs of suit, including attorneys' fees pursuant to 17 U.S.C. § 505; and,

6     6.    For such other and further relief as the Court deems just and proper.

7 DATED:  December 12, 2016        RASKIN GORHAM ANDERSON LAW

10 By: _____

11     Gary J. Gorham
12     Attorneys for Plaintiff
    PAUL N. WEINBERG

## DEMAND FOR JURY

Plaintiff Paul N. Weinberg hereby demands a trial by jury of all issues triable by a jury.

DATED: December 12, 2016                    RASKIN GORHAM ANDERSON LAW

By: _____
Gary J. Gorham
Attorneys for Plaintiff
PAUL N. WEINBERG

8